## BROWN vs. CRIBBS.

Under *sec.* 113, *ch.* 133, *Gould's Dig.*, the court has a discretion in permitting amendments, before final judgment, and without costs; and that discretion was properly exercised where the damages laid in the declaration, from long delay, were not enough.

### Error to Pulaski Circuit Court.

Hon. LIBERTY BARTLETT, Circuit Judge.

STILLWELL & WASSELL, for plaintiff in error.

The amendment should have been allowed only on payment of costs, and a continuance of the case, that the defendant might have opportunity to plead to the amended declaration. 2 *Hay. N. C. R.*, 282; 3 *Wendell*, 361; *Gilp. R.*, 139.

GALLAGHER & NEWTON, for defendant.

It was clearly within the discretion of the court to allow the amendment, under sec. 113, ch. 133, p. 862, *of the Digest,* as construed in *Stillwell, Ex. vs. Badgett*, 22 *Ark.*, 166.

It was purely within the discretion of the court to permit the amendment without costs; and that discretion will not be controlled by this court unless clearly abused. *Burr vs. Daugherty*, 21 *Ark.*, 561.

Mr Justice CLENDENIN delivered the opinion of the court. .

On the 18th of March, 1861, Cullen G. Cribbs commenced his action of debt in the Pulaski circuit court, against John T. Trigg, John G. Fletcher and William Brown, jr., returnable to the May term of that court. The defendants were all served with process. No orders or proceedings appear to have been taken in the case until the March term, 1866, at which term the plaintiff suggested and proved the death of defendant Trigg, and the suit abated as to him; the defendant Fletcher made default, and Brown filed his prayer of oyer, which was granted, and Brown made no further defence. The record then shows that " the plaintiff asked leave to amend his declaration herein, so as to lay his damages at four hundred dollars, instead of two hundred dollars," to which defendant Brown objected, but the court permitted the amendment to be made, to which Brown excepted, and saying nothing further, judgment was rendered against Fletcher and Brown, and Brown brings the case by writ of error to this court.

The first point raised by the assignment of errors is, that the circuit court erred in permitting the plaintiff to amend his declaration without terms; and second, that the court erred in not taxing the plaintiff with the costs prior to the amendment.

Both of these points assigned for error come within the provisions of section 113, chap. 133, of the Digest of laws of this state. That section says: "The court in which any action may be pending shall have power to amend any process, pleading or proceeding in such action either in form or substance, for the furtherance of justice, on such terms as may be just, at any time before final judgment rendered therein."

The circuit court then had the power, under this section of our statute, to exercise a discretion in permitting this amendment to be made, and also in rendering the judgment for costs: and we think the circuit court exercised a sound legal discretion in permitting the amendment. We can hardly imagine a stronger case that could be presented to the court for the exercise of its power in permitting amendments, than the one we gather from the record in this case. The plaintiff had properly brought his suit five years before the judgment was rendered, had laid his damages at such sum as he might reasonably expect would be sufficient when the case was tried, yet from delays and the natural efflux of time, they were found not to be enough, and therefore, his proposition to amend, before the final judgment, was just and proper; and we think that the circuit court did not err in permitting the amendment to be made and rendering the judgment for the costs.

The judgment of the circuit court is affirmed.